Johnson, J.
The decisive question is whether Section 3990 of the General Code, in so far as the requirements therein, which defendant claims were not complied with, are concerned, is invalid because inconsistent with Sections 4 and 5 of Article XVIII of the Constitution as amended in 1912. The pertinent portion of Section 3990, General Code, is as follows:
*242 “The council of a municipality may, when it is deemed expedient and for the public good, erect gas works or electric works at the expense of the corporation, or purchase any gas or electric works already erected therein, but in villages where gas works or electrical works have already been erected by any person, company of persons, or corporation, to whom a franchise to erect and operate gas works or electric works has been granted, and such franchise has not yet expired, the council shall, with the consent- of the owner or owners, purchase such gas works or electric works already erected therein. If the council and owner or owners of such gas or electric works are unable to agree upon the compensation to be paid therefor, the council may file in the probate court of the county where such gas works or electric works are located, a petition to appropriate such gas works or electric works, and thereupon the same proceedings of appropriation shall be had as is provided for the appropriation of private property by a municipal corporation.”
The constitutional convention was not content to leave the subject of the public utilities of the cities and villages of the state entirely to legislation. It wrote into Article XVIII — the home-rule amendment — specific provisions touching that subject, including authority to acquire and operate such utilities, and a specific and independent clause securing the referendum and defining the mode of its exercise.
Section 4 of that article reads:
“Any municipality may acquire, construct, own, lease and operate within or without its corporate *243 limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for. any such product or service. The acquisition of any such public utility may be by condemnation or otherwise, and a municipality may acquire thereby the use of, or full title to, the property and franchise of any company or person supplying to the municipality or its inhabitants the service or product of any such utility.”
The provisions of Section 5 of that article prescribe the manner in which the municipality may exercise the power conferred and contains a special provision for a referendum. These provisions are explicit and they confer plenary power upon the municipality to deal with the subject-matter involved in this controversy.
It is provided in the schedule to the constitution, as amended in 1912, that all laws then in force not inconsistent therewith shall continue in force until amended or repealed; and it is familiar doctrine, well settled, that all repugnant statutes are repealed by implication. All laws then in force which were inconsistent with the new constitution fell because they were inconsistent.
Section 3990, General Code, was passed by the legislature in May, 1902, and was in force when the above amendment to the constitution was adopted. The first clause of the section confers authority upon the council of a municipality to erect gas works or electric works at the expense of the corporation or to purchase any gas or electric works already erected therein. It applies to every *244 municipality in the state, and the powers it confers are similar to those referred to in Section 4, Article XVIII. Then follows a limitation upon the authority of villages where gas works or electric works have already been erected by any person, company or persons to whom a franchise to operate 'gas works or electric works has been granted. This limitation is wholly inconsistent with the plenary grant of power contained in the article of the constitution referred to, and the statute, so far as this inconsistent provision is concerned, fell simply because it was inconsistent. Authority given by the constitution cannot, be lessened by statute. There is no equivalent for a constitutional provision.
The franchise was granted in 1892 and fixed the contractual rights and duties of the parties. The statute then in force provided that the council of any city or incorporated village should have power “whenever it may be deemed expedient and for the public good, to erect gas-works at the expense of the corporation, or to purchase any gas-works already erected therein.”
It will be observed, therefore, that the statute in force at the time the franchise was granted, and which the parties must be presumed to have had in contemplation when they made the franchise contract, did not contain the proviso afterwards included in the amendment adopted by the legislature. There is, therefore, no impairment of contract obligations by the action of the village under Section 4, Article XVIII of the Constitution. Rights acquired under a franchise or contract prior to the adoption of Section 4, Article XVIII, and while the *245 proviso in Section 3990, General Code, was in force, would not be abrogated or affected by the subsequent adoption of the constitutional provision referred to.
The plaintiff in error was not a party to either of the injunction proceedings brought against the village in the common pleas of Wayne county by The' Massillon Electric & Gas Company and its rights were not in anywise adjudicated in those proceedings.
The contention with reference to the publication of the resolutions and ordinances in but one newspaper has been disposed of by the case of Village of Elmwood Place v. Schanzle, 91 Ohio St., 354.
We think the village was authorized to make the contract with the plaintiff which was set up in its petition, and it being conceded that the plaintiff has fully complied with its terms on its part, it is entitled to recover the balance due on its contract.
The judgments of the courts below will be reversed and the cause remanded for further proceedings according to law.

Judgments reversed.

Nichols, C. J., Newman, Jones and Matthias, JJ-, concur.
Donahue and Wanamaker, JJ., concur in the judgment and in the first and second propositions of the syllabus.